UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SIM SPENCER,

        Petitioner,                              Case No. 15-11822

v.                                       HON. TERRENCE G. BERG

LAURA GIDLEY, et. al.,

        Respondent,
_____/

**OPINION AND ORDER TRANSFERRING HABEAS PETITION TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) AND DISMISSING WITHOUT PREJUDICE PETITIONER'S CIVIL RIGHTS CLAIMS, MOTION TO ISSUE SUMMONSES (DKT. 5), AND MOTION FOR EXPEDITED CONSIDERATION (DKT. 6)**

Petitioner William Sim Spencer, confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed what he captioned as a "hybrid habeas corpus/civil rights action" on May 19, 2015.[1] (Dkt. 1.) In his *pro se* application, Petitioner challenges his conviction for second-degree criminal sexual conduct, the Michigan Parole Board's decisions to deny him parole, allegedly for refusing to admit guilt, and the application to his case of various amendments to Michigan's Sex Offenders Registration Act (SORA). (*Id.*)

To the extent that Petitioner seeks habeas relief, the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), and the Court will transfer the matter to the Court of Appeals so that petitioner may seek permission to proceed. To the extent that petitioner is seeking

---

[1] The above captioned-case, originally before the Honorable Gershwin A. Drain, was reassigned to this Court on June 15, 2015 as a companion to Case No. 14-10823. (Case No. 15-11822, Dkt. 7.)

relief under 42 U.S.C. § 1983, for the reasons explained in greater detail below, the Court will dismiss the claims without prejudice. As a result, the Court will also dismiss without prejudice Petitioner's motion to issue summonses (Dkt. 5) and motion for expedited consideration (Dkt. 6).

## I. BACKGROUND

In 2001, Petitioner pleaded guilty to eight counts of second-degree criminal sexual conduct and was sentenced to six years, eight months to fifteen years in prison. *See* Offender Profile, Offender Tracking Information System, http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=384851. After exhausting his state court remedies, Petitioner filed a petition for writ of habeas corpus challenging his conviction for second-degree criminal sexual conduct, which was denied on the merits. *Spencer v. Pratt,* No. 08-12327 (E.D. Mich. December 11, 2009) (adopting Report and Recommendation of Magistrate Judge from July 30, 2009); *appeal dism.* No. 10-1478 (6th Cir. Nov. 12, 2010).

In 2013, Petitioner filed a motion with the United States Court of Appeals for the Sixth Circuit, in which he sought permission to file a successive habeas petition to challenge the applicability of the 2011 amendments to Michigan's Sex Offenders Registration Act (SORA) to his case and the sufficiency of evidence to support his guilty plea. (*In Re Spencer,* No. 13-1445, Dkt. 1 (6th Cir. 2013).) The Sixth Circuit denied the motion with respect to the guilty plea claim, but ruled that Petitioner was not required to obtain permission to file a petition with respect to certain SORA

requirements "that did not exist prior to his initial petition."[2] (*In Re Spencer,* Dkt. 27, p. 4.)

In 2014, Petitioner filed an original and several amended habeas petitions. *Spencer v. Barret*, Case No. 14-10823, (E.D. Mich. 2014). In these petitions, Petitioner challenged the validity of his guilty plea, the denial of parole, and the application of SORA to his case. *(*Case No. 14-10823*,* Dkt. 22.) This Court declined to address Petitioner's guilty plea and parole denial claims because the only claims that Petitioner had been authorized by the Sixth Circuit to raise in his successive habeas Petition were his SORA claims. (Case No. 14-10823, Dkt. 27.) This Court further concluded that, upon reviewing Petitioner's SORA claims, they were without merit. (*Id.*) On July 27, 2015, this Court denied Petitioner's various post-conviction motions in a written opinion stating the grounds for the denial. (Case No. 14-10823, Dkt. 34.)

In his current action, Petitioner *again* challenges the validity of his guilty plea, the Michigan Parole Board's prior decisions to deny him parole, and the applicability of SORA to his case. (Dkt. 1.) Petitioner also seeks monetary damages. (*Id.* at p. 21.)

---

[2] The SORA requirements Petitioner could challenge were limited to: (1) additional reporting duties following changes in job status, email address, and use of a vehicle; (2) continuous updated photographing; (3) a registration fee increase; (4) immediate reporting; and (5) a requirement that additional information be provided for the police database. (*In re Spencer*, No. 13-1445, Dkt. 27, p. 4.)

## II. DISCUSSION

### A. The Habeas Petition

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 was enacted ("AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts. These amendments change the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus. The provisions of the AEDPA apply because petitioner filed his successive habeas application after the effective date of the AEDPA. *See Norris v. Konteh*, 67 F. Supp. 2d 833, 835 (N.D. Ohio 1999).

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of

appeals, the district court must transfer the petition to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

To the extent that Petitioner is challenging the validity of his 2001 criminal conviction for second-degree criminal sexual conduct, Petitioner has previously filed a habeas petition with the federal courts challenging this very conviction, and it was denied on the merits. *Spencer v. Cason*, No. 04-00491 (W.D. Mich. Aug. 16, 2004); *Pratt*, No. 08-12327, (E.D. Mich. Dec. 11, 2009). Petitioner has since been denied permission by the Sixth Circuit to file a successive challenge to the validity of his guilty plea. (*In Re Spencer,* No. 13-1445, Dkt. 22.) Petitioner's current challenge to the validity of his conviction is another successive challenge to that conviction. Moreover, to the extent that Petitioner challenges the Sixth Circuit's refusal to grant him permission to file a second petition challenging his conviction, this Court lacks the authority to reinstate a habeas Petitioner's second or successive petition for writ of habeas corpus after the Court of Appeals declines to grant

Petitioner leave to file such a petition. *See White v. Carter,* 27 Fed. App'x. 312, 313-14 (6th Cir. 2001).

With respect to Petitioner's claims that he is being wrongly denied parole by the Michigan Parole Board because he refuses to admit guilt to his crimes of conviction, Petitioner previously raised this same challenge in his 2014 petition.[3] This Court declined to address the parole denial claims because petitioner had not received authorization from the Sixth Circuit to raise such claims. In a second amended petition filed in that case, Petitioner indicated that the Michigan Parole Board had consistently denied him parole since 2008 because of his refusal to admit guilt to the criminal sexual conduct charges. (*See Barret,* Case No. 14-10823, Dkt. 22, p. 16, ¶ 57.)

It is clear from the record that, at the time Petitioner filed his 2008 habeas petition with the federal court, he was aware of the facts underlying the parole denial claims that he raised both in his 2014 habeas petition and in his current habeas application. Petitioner's current challenge to the Michigan Parole Board's denial of his parole therefore constitutes a second or successive petition for a writ of

---

[3] The Court notes that Petitioner has actually raised these denial of parole claims in *four* separate federal lawsuits, including the above-captioned case. Prior to filing the above-captioned case, Petitioner brought a § 1983 action in 2010 that raised, among other claims, First, Fifth, and Fourteenth Amendment claims based on his denial of parole by the Michigan Parole Board for refusing to admit guilt. *See Spencer v. Atterberry et al.,* No. 10-00735, Dkt 1, ¶¶ 2-3 (W.D. Mich. 2010.) The Honorable Janet T. Neff reached the merits of Petitioner's claims and dismissed his case for failure to state a claim. (Case No. 10-00735, Dkt. 15, pp. 9-19.) Petitioner next raised his First, Fifth, and Fourteenth Amendment claims in a 2011 complaint under § 1983 challenging in part the Michigan Parole Board's refusal to grant Petitioner parole in 2011, allegedly because he was maintaining his innocence. *See Spencer v. Callejas et al.,* No. 11-13107, Dkt. 8, ¶¶ 1-7 (E.D. Mich. 2011.) That case was dismissed on February 21, 2013. (Case No. 11-13107, Dkts. 49-50.) Finally, Petitioner amended his 2014 habeas petition in *Spencer v. Barret,* Case No. 14-10823 (E.D. Mich. 2014) to include his First, Fifth, and Fourteenth Amendment denial of parole claims. (Dkt. 22.) This petition was dismissed on January 14, 2015. (Case No. 14-10823, Dkts. 27-28.)

habeas corpus and Petitioner is consequently required to obtain a certificate of authorization. *See In Re Marsch,* 209 Fed. App'x. 481, 482-83 (6th Cir. 2006).

Moreover, regarding the Michigan Parole Board's subsequent decisions to deny Petitioner parole, there is no reason to believe, and Petitioner does not allege, that the Michigan Parole Board relied on different reasons to deny Petitioner parole in their subsequent decisions. Petitioner's current petition is therefore a successive petition, even with regard to the allegations involving the subsequent denials of parole. *Id.*

Finally, Petitioner's challenge to the Sex Offenders Registration Act was previously raised in his 2014 habeas petition, considered by the Court and rejected. Although no party has raised the issue of the above-captioned petition being second or successive, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall,* 945 F. Supp. 145, 146 (E.D. Mich. 1996).

This appears to be a second or successive habeas petition, and, as noted above, some claims may be time barred under 28 U.S.C. § 2244(d)(1)(D) because Petitioner was aware of the factual predicate underlying the alleged constitutional error as early as 2008. It would be error, however, for this Court to dismiss the petition on this ground, rather than transfer it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether petitioner should be given authorization pursuant to 28 U.S.C. §

2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald,* 514 F. 3d 539, 543-44 (6th Cir. 2008).

B. **The Civil Rights Claims**

In this "hybrid" habeas/§ 1983 action, Petitioner is also seeking monetary damages under 42 U.S.C. § 1983 arising from his conviction or his parole denial. However, in order to be entitled to such relief, Petitioner must make a showing that his conviction or parole denial has been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994).

Because Petitioner does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his § 1983 allegations relating to his criminal prosecution, conviction, and incarceration fail to state a claim for which relief may be granted. Consequently, these claims must be dismissed. *See Adams v. Morris,* 90 Fed. App'x. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001). The holding in *Heck* also "applies to proceedings that call into question the fact or duration of parole or probation." *Noel v. Grzesiak.* 96 Fed. Appx. 353, 354 (6th Cir. 2004) (*quoting Crow v. Penry,* 102 F.3d 1086, 1087 (10th Cir. 1996)). Because Petitioner does not allege that his parole denial has been overturned, expunged, or called into question by a writ of habeas

8

corpus, his allegations relating to his parole denial also fail to state a claim for which relief may be granted and must, therefore, be dismissed. *Id.*

When a prisoner's civil rights claim is barred by the *Heck* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 609 (E.D. Mich. 2004). Because the Court is dismissing Petitioner's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *See e.g. Finley v. Densford,* 90 Fed. App'x. 137, 138 (6th Cir. 2004).

### III. CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Clerk of the Court is **ORDERED** to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner's civil rights claims are **DISMISSED WITHOUT PREJUDICE.**

Accordingly, Petitioner's motion to issue summonses and alternative service (Dkt. 5) and Petitioner's motion for expedited consideration (Dkt. 6) are **DENIED WITHOUT PREJUDICE.**

**SO ORDERED.**

                                                  s/Terrence G. Berg
                                                  TERRENCE G. BERG
                                                  UNITED STATES DISTRICT JUDGE

Dated: August 4, 2015

### Certificate of Service

I hereby certify that this Order was served upon parties of record on August 4, 2015 via electronic or postal mail.

                                                  s/A. Chubb
                                                  Case Manager